Patricia McDERMOTT, Plaintiff

v.

**TOWN OF WINDHAM
et al., Defendants**

No. CIV. 01–253–P–C.

United States District Court,
D. Maine.

Oct. 7, 2002.

Henry N. Berry, III, Esq., Lee H. Bals, Marcus, Clegg & Mistretta, P.A., Portland, ME, for Patricia McDermott, plaintiff.

Robert M. Hayes, Esq., Matthew Tarasevich, Esq., Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, ME, for Windham Town of, Windham Police Chief, in his capacity as Chief of the Windham Police Department, Windham Police Officer, defendants.

## ORDER GRANTING PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND EXPENSES

GENE CARTER, District Judge.

Now before the Court is Plaintiff's Verified Motion for Attorneys' Fees and Expenses (Pleading No. 23) and Plaintiff's Supplement to Motion for Award of Attorneys' Fees and Expenses (Pleading No. 29) arising out of a July 25, 2002, jury verdict in her favor. Defendants object to the attorneys' fees and expenses on numerous grounds. *See* Defendants' Town of Windham and Paul Cox's Response to Plaintiff's Verified Motion for Attorneys' Fees and Expenses (Pleading No. 26). For the reasons set forth below, the Court will grant Plaintiff's Motion in the amount of $30,043.75 and expenses in the amount of $52.50.

## I. BACKGROUND

Plaintiff filed an eight-count Complaint against Defendants asserting claims against the Town of Windham, Police Chief Richard Lewsen, and Officer Paul Cox; claims for violations of her civil rights under 42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986 (Count I); and claims for violations of her civil rights under the Maine Constitution, Article I, §§ 1, 4, 5, and 6A (Count II). Plaintiff also asserted claims against Defendants Town and Cox for tortuous conduct alleged to have been committed by Cox within the scope of his employment by the Town, including: false arrest (Count III); false imprisonment (Count IV); negligent infliction of emotional distress (Count V); assault and battery (Count VI); intentional infliction of emotional distress (Count VII); and malicious prosecution (Count VIII). The Court granted Defendant Lewsen summary judgment on Counts I and II; granted Defendant Town of Windham summary judgment on Counts I, II, V, VII, and VIII; and granted Defendant Cox summary judgment on that part of Count I alleging conspiracy under 42 U.S.C. §§ 1985 and 1986 and excessive force under 42 U.S.C. § 1983, and Counts II, V, VII, and VIII. The Court, however, denied Defendant Cox summary judgment on that part of Count I alleging violation of Plaintiff's federal civil rights, with regard to unlawful arrest under 42 U.S.C. § 1983, and Counts III, IV, and VI. The Court also denied Defendant Town of Windham's summary judgment motion on the tort claims in Counts III, IV, and VI. At trial, the jury found for Plaintiff on her section 1983

claim for wrongful arrest against Officer Cox and on her state law claims for false arrest and false imprisonment against the Town of Windham pursuant to a *respondeat superior* theory. The jury awarded Plaintiff $5,060 in actual damages.

## II. DISCUSSION

### A. Attorneys' Fees

Plaintiff's application includes charges for work performed in connection with the preparation and trial of this case. While Defendants acknowledge that Plaintiff, as the prevailing party on a section 1983 claim, is entitled to attorney's fees, they argue that many of the charges are unreasonable. *See* 42 U.S.C. § 1988(b) (Supp. 2002) ("In any action or proceeding to enforce a provision of section[ ] ... 1983, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs ....").

Attorneys' fees are calculated "by means of the time-and-rate method known as the lodestar." *Weinberger v. Great Northern Nekoosa Corp.*, 801 F.Supp. 804, 811 (D.Me.1992), *aff'd sub nom. BTZ, Inc. v. Great Northern Nekoosa Corp.*, 47 F.3d 463 (1st Cir.1995). The "lodestar" calculation represents the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The resulting figure may be adjusted up or down based the plaintiff's degree of success in the lawsuit. *See id.* at 434, 103 S.Ct. at 1940.

Defendants challenge both the time and rate elements of the lodestar calculation in this case. Specifically, they contend that many of the fees represent duplicative work by several attorneys. Defendants also claim that other fees should be disallowed because Plaintiff's counsel failed to provide an adequate description of the work performed or the individuals who performed it. Finally, Defendants argue that the time included in the fee for work performed by a paralegal Karen A. Stone should be excluded because it is properly part of the firm's overhead. The Court will address each of these areas in turn.

■ Defendants claim that, except for attorney Bals, the hourly rates charged by the other attorneys were not reasonable. With respect to attorney Berry, the Court finds the hourly rate charged for his services to be reasonable given his years of legal experience. However, the Court agrees with Defendants that the time billed by the associate attorneys, Sherry C. Fowler and Regan M. Hornney, cannot be permitted. Although generally described as associates, nowhere in the record is there any information regarding the experience of these attorneys. Without knowing the experience of these attorneys and the typical hourly rate in the southern Maine legal community for an associate of their experience, the Court is unable to determine the reasonableness of their rates. The court will, therefore, reduce the fee by $144, representing the work done by attorney Hornney, and $715.50, representing work done by attorney Fowler. The Court also finds that the 32.5 hours of time charged for the work performed by paralegal Karen A. Stone is property included in firm overhead and, thus, not allowable as part of counsel fees. *See Weinberger*, 801 F.Supp. at 823. The Court will, therefore, reduce the fee by an additional $2,437.50 representing the charges of paralegal Karen A. Stone.

Defendants next take issue with the amount of time spent by attorneys Bals and Berry in the research, discovery, summary judgment, trial preparation, and trial, claiming that it is excessive or duplicative. The Court is satisfied that work done by attorneys Bals and Berry was not excessive and that they have adequately accounted for time spent on the case.

Defendants argue that Plaintiff's fee should be discounted further because of the number of claims that were taken out during the summery judgment phase of the case and the limited monetary recovery that was attained for Plaintiff. The Court disagrees. Where a plaintiff's claims are based on a "common core of facts" or "related legal theories ... [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. Thus, the Court cannot simply reduce the fee by the amount of time expended on each unsuccessful claim, but instead must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* Although Defendants were granted summary judgment on Plaintiff's civil rights claims based on conspiracy and excessive force as well as on some of her tort claims, Plaintiff ultimately prevailed on what the Court believes was the essence of the case—the wrongful arrest claim. Counsel's efforts to vindicate Plaintiff's civil rights should be rewarded. Moreover, the Court believes that this verdict sends a valuable message to the Windham Police Department as well as other law enforcement agencies: that police officers must investigate all facts in a complaint of criminal trespass before resorting to arrest. The Court finds that no adjustment to the fee is necessary in this case.

### B. Expenses

Plaintiff requests $64.72 in expenses. *See* Plaintiff's Verified Motion for Award of Attorneys' Fees and Expenses at 5 and Ex. B. Defendants object to the $92.80 representing witness fees, arguing that Plaintiff did not call the witnesses to testify at trial, and the $76.33 representing the cost of serving the subpoenas on those two witnesses she did not call. Although those charges appeared as disbursements on Plaintiff's account statement, Plaintiff does not seek to recover those expenses. Rather, her itemized statement of out-of-pocket expenses includes a $52.50 charge for hand delivery and a $12.22 charge for Westlaw research. *See* Plaintiff's Verified Motion for Award of Attorneys' Fees and Expenses Ex. B. The Court finds the hand delivery charges reasonable. However, the Court will exclude the Westlaw charges as those are appropriately part of firm overhead. *Weinberger*, 801 F.Supp. at 827. Therefore, the Court will deduct from Plaintiff's requested expenses $12.22, representing charges for Westlaw legal research.

### III. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's request for attorneys' fees in the amount of Thirty Thousand Forty–Three Dollars and Seventy–Five Cents ($30,043.75) and further **GRANTS** Plaintiff's request for expenses in the amount of Fifty–Two Dollars and Fifty Cents ($52.50).

**SO ORDERED.**